UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN P. ALBERS                                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:08CV-456-S

COMMONWEALTH OF KENTUCKY                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to dismiss (DN 11) and on Plaintiff's motions for the Court to accept Plaintiff's amended pleadings and/or memoranda (DNs 24, 32, 33, 34, 36, 38 and 51).  For the reasons that follow, the Court will grant Defendant's motion to dismiss and deny Plaintiff's motions to amend.

### I.

Plaintiff John P. Albers filed a *pro se*, one-page complaint against the Commonwealth of Kentucky ("Commonwealth") (DN 1).  As his opening statement, Plaintiff contends that the Commonwealth "Has Been Exercising The Power of The People Without Proper Consent of THE PEOPLE, The Governed, For Over 116 Years."  As his statement of claim, he writes,

> The Present Day Governmental Bodies of The State of Kentucky were Unlawfully Instituted Through a Typewritten Carbon Copy of A Post-Ratified "Draft of The 1891 Kentucky Constitution.
> Evidence of The Facts Relating to This Infringement on The People's Power is Evident in The Following Kentucky State Publications By The Kentucky "Legislative Research Commission":
>
> **A Citizen's Guide to The Kentucky Constitution**
> Research Report No. 137
> Frankfort, Kentucky
> Revised October 2005
> (Cover + pages i, iii, 1,3,5,6,7,8,9,11,12,13,15,47,48,49,63,109,110.)
>
> **The Constitution of The Commonwealth of Kentucky**
> Informational Bulletin No. 59
> Frankfort, Kentucky

Revised October 2005
(Cover(s) + pages i, iii, 1,2,3,4,5,6,7,8,9,10,15,16,17,18,26)

(DN 1). To the complaint, Plaintiff attaches portions of both documents referenced above.

The day following the filing of the complaint, Plaintiff filed a motion for this Court to issue an order (1) directing the Commonwealth of Kentucky to immediately cease all exercise of power; (2) "Temporarily Installing Federal Rule Over The State of Kentucky until a New Kentucky Constitution Can be Drafted and Ratified By 'The People'"; and (3) directing Kentucky's Secretary of State "To Call and Form A Constitutional Convention . . . In Order To Draft a New Constitution For Ratification By 'The People' . . . and to Schedule A Vote for Ratification by A Special Election as Soon as The Constitutional Draft is Finished" (DN 4). While the argument in his motion is not a model of clarity, Plaintiff advises that the 1891 Kentucky Constitution was altered and signed after it was ratified by "The People." Plaintiff claims that he is entitled to the foregoing relief because the post-ratification amendments were illegal and the unamended version of the 1891 Kentucky Constitution is missing. Thus, argues Plaintiff, Kentucky has been operating without a legitimate state government for over 116 years.

## II.

Defendant moves to dismiss the action under Federal Rule of Civil Procedure 12(b) for lack of subject-matter and personal jurisdiction and for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(6), respectively. More specifically, Defendant seeks dismissal because (1) the case does not arise under federal law; (2) Plaintiff's argument constitutes a political question; (3) the Kentucky Court of Appeals decided this very issue in 1892 in *Miller v. Johnson*, 18 S.W. 522, 524 (Ky. 1892), by concluding the issue to be the proper role of the political process, not the judicial branch; (4) Plaintiff lacks standing to sue

because he alleges no injury in fact; (5) and the action is barred by Eleventh Amendment sovereign immunity.

Plaintiff did not file a "Response" per se. He did, however, file a "Memorandum In Support" of his motion for the Court to order the Commonwealth to immediately cease all exercise of power (DN 19) and a "Memorandum In Support Of This Case and All Court Actions Related And Pertaining To The Contents Of This Memorandum And Statement Of The Case" (DN 36). In both of these documents, Plaintiff attempts to counter each of Defendant's arguments. The Court, therefore, has reviewed Plaintiff's arguments in the two memoranda as a response to Defendant's motion to dismiss.

### III.

Plaintiff names the Commonwealth of Kentucky as the sole Defendant in this action. The Court lacks subject-matter jurisdiction over Plaintiff's claims against the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. "While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citations omitted); *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) ("Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as

to close that gap.") (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young*, a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton*, 293 F.3d at 948.

Plaintiff has neither referenced any federal law under which the Commonwealth of Kentucky has waived its immunity or consented to suit nor has he shown where Congress has overridden the Commonwealth's immunity. And Plaintiff's mere quotation from *Ex Parte Young*, 209 U.S. 123 (1908) does not alter this conclusion. "Under the doctrine of *Ex parte Young*, . . . suits against *state officials* seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Telespectrum, Inc. v. Pub. Serv. Comm'n of Ky.*, 227 F.3d 414, 419 (6th Cir. 2000) (emphasis added). Because the Commonwealth of Kentucky itself is not a "state official," the *Ex Parte Young* fiction does not apply. Consequently, none of the exceptions to sovereign immunity apply.

Because Plaintiff's claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, **IT IS ORDERED** that Defendant's motion to dismiss (DN 11) is **GRANTED** and that Defendant is entitled to judgment as a matter of law.

## IV.

Plaintiff filed six motions for the Court to accept his amended pleadings and/or memoranda (DNs 24, 32, 33, 34, 36, 38 and 51). A district court may deny a motion to amend where the court finds that the proposed changes are futile, *i.e.*, destined to fail. *See North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997); *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1104 (6th Cir. 1995). Nothing that Plaintiff argues in any of the motions or supporting memorandum alters this Court's conclusion that the Eleventh Amendment bars this action against the Commonwealth of Kentucky.

As any amendment would be futile, **IT IS ORDERED** that the motions to amend (DNs 24, 32, 33, 34, 38 and 51) are **DENIED**.

The Court will enter a separate Order dismissing this action.

Date:

cc:   Plaintiff, *pro se*
      Counsel of Record
4411.005